THE STATE v. ANDERSON.

Slaves sold by executors by virtue of these words in a will, "I leave my two negro girls to be sold by my executors, for the term of fifteen years,

and at the end of that term to be free," cease to be slaves from the sale, and are merely servants; and a child born of one of them, during the term, is free.

This was a *habeas corpus* to bring up the body of negro Silas. At the return of the writ, it appeared that John Horsfield was possessed of two negro girls, whom he held as slaves. By his will, dated in 1761, he devises thus: "*Item,* my two negro girls, Betty and Nelly, I leave to be sold by my executors, for the term of fifteen years, and at the end of that term, to be free; and the money arising thereby to be equally divided amongst my daughters." He further ordered, that if the said girls became chargeable or misbehaved, it should be at the risk of the buyer.

The executors, pursuant to the directions of the testator, sold the two negroes for the term specified in the will to one Covenhoven, who sold them to the present defendant. During the term Betty had a child, (Silas, the negro in question,) who was now of full age. Anderson claims him as his slave, contending that his mother continued in a state of slavery until the expiration of the fifteen years.

The court were of opinion that Silas was not born a slave, and discharged him from the service of Anderson.

The Chief Justice, in delivering the opinion of the court, said, that by the will, the executors, and the purchasers under them, could acquire only a temporary, and not a perpetual interest in these girls. On the death of the testator, they ceased to be slaves; no person could claim them as such, or hold that extensive property in them which belonged to the owner of a slave. Their time of servitude was limited to a definite period; they were therefore servants for a term of years, and entitled to their freedom. The issue born during that period, therefore, could not be slaves; they follow the condition of the mother, who was not one. The issue of servants are free.

The hardship pretended by the defendant, does not alter

the case; the loss he may have sustained by the temporary incapacity of the mother ought not to be recompensed by the slavery of the child. Besides, the will directs that the risk shall be upon the purchaser; this is a general expression, and must be applied generally.

[37] The cases cited of legacies, and the distinction that has been drawn between them when payable at twenty-one, or when the legacy vests at twenty-one, are inapplicable to this case of personal liberty. The arbitrary rules of property are applicable only to a certain extent to cases of this description.

In short, the purchaser had no interest in Betty beyond her service for fifteen years; he cannot, therefore, pretend to any rights which result from the mere condition of slavery.

Negro discharged.